No. 09-3299

UNITED STATES COURT OF APPEALS
File Name:  09a0245n.06
Filed:  March 31, 2009

FOR THE SIXTH CIRCUIT

BRETT HARTMAN,                     )
                               )

     *Petitioner,*               )

v.                            )      O R D E R

                               )

DAVID BOBBY, WARDEN,       )

                               )

     *Respondent.*           )

                               )

BEFORE:    CLAY, GILMAN and ROGERS, Circuit Judges.

Petitioner Brett Hartman ("Hartman") moves this Court to authorize him to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A), and to stay his execution set for April 7, 2009.  Hartman was convicted of the murder and kidnapping of Winda Snipes and sentenced to death.  Hartman's petitions for state post-conviction relief were denied, as was his subsequent federal petition for writ of habeas corpus.  Hartman now argues that previously undiscoverable evidence, when viewed in the context of all of the evidence in the case, can demonstrate his actual innocence.[1]  Although we cannot grant Hartman's motion to file a second or successive habeas petition at this time, we find that a brief stay of Hartman's execution is appropriate to permit a determination regarding whether further evidentiary development will support his claim of actual

---

[1]Hartman's other claim supporting his motion is that Hartman's execution by lethal injection violates the Eighth Amendment, in light of the Supreme Court's recent decision in *Baze v. Rees*, — U.S. —, 128 S. Ct. 1520 (2008).  This Court cannot authorize a successive petition or grant a stay on this ground, because the Supreme Court's decision in *Baze* did not create a new constitutional right that applies retroactively to Hartman's claim.

innocence.

"[A] stay of execution is an equitable remedy." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). "We consider the following factors in deciding whether to grant [a petitioner] a stay of execution: 1) whether there is a likelihood he will succeed on the merits of the appeal; 2) whether there is a likelihood he will suffer irreparable harm absent a stay; 3) whether the stay will cause substantial harm to others; and 4) whether the injunction would serve the public interest." *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007). A stay "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 584. Hartman "must show a 'significant possibility of success on the merits' in order to obtain a stay." *Workman*, 484 F.3d at 839 (quoting *Hill*, 547 U.S. at 584).

The second and third factors unquestionably favor granting a stay: the harm in executing Hartman, if he is indeed innocent, would be irreversible, and temporarily staying the execution would not cause substantial harm to others. As for the fourth factor, while the state has an important interest in enforcing its criminal judgments, executing an innocent man would not be in the state's interest, and could undermine the public's confidence in Ohio's criminal justice system.

Whether Hartman has shown a significant possibility of success is a more difficult question, which we find imprudent to attempt to resolve at this time. This Court may authorize a petitioner to bring a claim not presented in the prior habeas petition if (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "the factual predicate for the claim could

not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2) (internal numbering omitted). This Court may authorize the petition only "if it determines that the application makes a prima facie showing that the application satisfies the requirements" of § 2244(b)(2). 28 U.S.C. § 2244(b)(3)(C). "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would warrant a fuller exploration in the district court." *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (quotation marks and citation omitted).

Hartman argues that previously undiscoverable evidence, if proven and viewed alongside all of the evidence available, would preclude any reasonable juror from finding him guilty. This evidence would purportedly show that Hartman's prison jailmate, who testified at trial that Hartman confessed the crime to him, may have perjured himself. There was no witness to the crime, and the jailmate's testimony was a critical part of the state's case against Hartman, as the only evidence that Hartman ever admitted his guilt to anyone.

Hartman also seeks access to crime-scene evidence that has never been tested, such as hairs found on the victim's body, a clock cord which apparently was used to strangle the victim, and a used condom found in the victim's apartment. The Supreme Court recently heard arguments in a case concerning whether the state is obligated to produce evidence of DNA testing that could be material to a showing of actual innocence when an inmate seeks such evidence post-conviction. *See District Attorney's Office for the Third Judicial District v. Osborne*, 129 S. Ct. 488 (2008) (granting writ of

certiorari). Depending on the scope of the Supreme Court's holding, its decision could create a constitutional right entitling Hartman access to the crime scene evidence he currently seeks. Such evidence may be particularly valuable in this case because the defense presented evidence at trial pointing to the victim's ex-boyfriend as a possible suspect; a detective at Hartman's recent clemency hearing acknowledged that the ex-boyfriend was initially the prime suspect, but was ruled out because he had an alibi–an alibi which apparently has been found to no longer coincide with the time of the victim's death.

In light of the uncertainty surrounding Hartman's case, we will grant a temporary stay of execution to allow sufficient time for us to reassess all of the evidence. We believe that, after the Supreme Court's forthcoming ruling in *Osborne*, we will be in a better position to determine whether there is a "significant possibility" that Hartman may be able to make the prima facie showing required for us to authorize him to file a second or successive habeas petition. *See Workman*, 484 F.3d at 839. In carefully weighing the equities involved, the interests of justice and the finality of Hartman's capital punishment compel us to stay his execution long enough to ascertain what evidence Hartman may actually have to support his motion.

Accordingly, Hartman's motion for a stay of execution is granted. This panel will retain jurisdiction, and will rule on Hartman's motion to file a second or successive habeas petition after the Supreme Court issues its decision in *Osborne*. The stay of execution shall remain in effect until our ruling on the motion to permit a second or successive habeas petition.

                                        ENTERED BY ORDER OF THE COURT

No. 09-3299

_____
Clerk